**Sanford J. MARGULIS,
Plaintiff–Appellant,**

v.

**STATE BAR OF CALIFORNIA; Committee of Bar Examiners of the State Bar of California; Diane Yu; Mark C. Allen; Marguerite Archie–Hudson; et al.,
Defendants–Appellees.**

No. 87–5889.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 9, 1987.

Decided April 25, 1988.

Sanford J. Margulis, pro se.

Truitt A. Richey, Jr., The State Bar of California, San Francisco, Cal., Melvin R. Segal, Supervising Deputy Atty. Gen., Attorney General's Office, San Diego, Cal., for defendants-appellees.

Before WALLACE, NORRIS and THOMPSON, Circuit Judges.

PER CURIAM:

Appellant Sanford J. Margulis is admitted to the Bar of the State of New York. After failing the California Bar Examination in February 1985, Margulis filed this suit in federal district court against the State Bar of California, the Committee of Bar Examiners ("the Committee"), eleven former and present members of the Committee, and the State of California. Margulis raised a plethora of constitutional challenges to California Bar Examination procedures. The district court dismissed the action for failure to state a claim and Mar-

gulis appealed. We affirm. Margulis is barred from seeking relief in federal court because he failed to present his claims to the California Supreme Court by petitioning for review of the Committee's refusal to certify him as qualified to practice law.

The Committee "is authorized to administer the requirements for admission [to the State Bar], to examine all applicants, and to certify those whom it finds to have fulfilled the requirements for admission." *Chaney v. State Bar*, 386 F.2d 962, 966 (9th Cir. 1967), *cert. denied*, 390 U.S. 1011, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968); *see* Cal.Bus. & Prof.Code § 6046. The Committee's decision to certify or not to certify an applicant "is legally simply a recommendation" to the California Supreme Court; the supreme court alone has the power to decide whether to admit an applicant to the practice of law in California. *Chaney*, 386 F.2d at 966; *see* Cal.Bus. & Prof.Code § 6064 ("Upon certification by the examining committee that the applicant has fulfilled the requirements for admission to practice law, the Supreme Court *may* admit such applicant as an attorney at law in all courts of this State and may direct an order to be entered upon its records to that effect.") (emphasis added). An applicant whom the Committee refuses to certify for admission to practice may petition the supreme court for review of the Committee's action. Cal. Bus. & Prof.Code § 6066. The court has exclusive authority to admit an applicant regardless of the Committee's refusal to certify him or her. *Chaney*, 386 F.2d at 966.

Margulis did not petition the California Supreme Court for review of the Committee's refusal to certify him as provided in Cal.Bus. & Prof.Code § 6066. Because the California Supreme Court alone has the power to admit someone to the California Bar, we have held that the Committee's refusal to certify an applicant does not deprive an applicant of any rights until the supreme court "expressly or impliedly approves the Committee's refusal to certify so as to make this the basis or allow it to have the effect of a denial of admission." *Chaney*, 386 F.2d at 966. The Committee's decision not to certify a candidate is itself simply of no legal significance. Petitioning the supreme court for review, therefore, "is not a matter of exhausting state remedies in respect to an alleged federal right but of there being no basis for any alleged federal right to exist as to the Committee's actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation." *Id.* Due to Margulis's failure to petition for review, the state has never officially acted on his application and, therefore, has never deprived him of federally protected rights.[1] This is clear under *Chaney*.

We note the important principles of judicial comity underlying the *Chaney* decision that counsel against federal judicial oversight of alleged constitutional infirmities in a state's determination of who is qualified for admission to the bar, at least until the state supreme court has been given an opportunity to consider the grievances. The Supreme Court articulated these comity considerations recently in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16, 103 S.Ct. 1303, 1315 n. 16, 75 L.Ed.2d 206 (1983).[2] In *Feldman*,

1. This is not to say, however, that if an applicant petitioned the supreme court for review but the court never acted on the petition, the applicant would be barred from seeking relief in federal court. Without deciding the question, we recognize that in such a situation, the state court's failure to act could arguably constitute a federally cognizable deprivation of rights.

2. Feldman had brought suit in federal district court challenging the denial of his application for admission to the District of Columbia bar after appealing that denial to the court of last resort in the District. The Supreme Court held that the district court lacked subject matter jurisdiction over claims challenging the handling of Feldman's particular application, as well as over general challenges to the bar admission procedures that were "inextricably intertwined" with Feldman's particular application, because these claims essentially sought federal court review of a state court decision, which, under 28 U.S.C. § 1257, may be had only in the United States Supreme Court. The Court held that the district court did have jurisdiction over the claims challenging the constitutionality of the procedures in general, rather than the decision on Feldman's particular application. 460 U.S. at 487, 103 S.Ct. at 1317.

the Court emphasized the importance of permitting state supreme courts to consider constitutional challenges to bar admission procedures in the first instance. In addition to the general "desirability of giving the state court the first opportunity to consider a state statute or rule in light of federal constitutional arguments," the Court noted in particular "the strength of the state interest in regulating the state bar.... 'The interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been "officers of the courts." ' " *Id.* (quoting *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S.Ct. 2004, 2015–16, 44 L.Ed.2d 572 (1975)).

We hold that because Margulis's failure to petition for review deprived the California Supreme Court of an opportunity to rule on his application, his complaint alleges no cognizable deprivation of federal rights.[3]

Accordingly, the district court's judgment dismissing the action is AFFIRMED.

Following *Feldman*, the district court dismissed one of Margulis's claims for lack of subject matter jurisdiction finding that it was inextricably intertwined with the treatment of his particular application. The ruling of *Feldman* is inapplicable to this case, however, because Margulis never petitioned the California Supreme Court for review. Thus, his action did not seek district court review of a decision of the state supreme court. The appropriate basis for dismissal of the claim relating to the treatment of his particular application is the same as for dismissal of the claims challenging the procedures generally: failure to state a claim. *See Chaney*, 386 F.2d at 966.

3. Margulis's challenges to the district court's dismissal of the pendent state claims, denial of class certification, and denial of the motion to amend the complaint are meritless. Because Margulis failed to petition the California Supreme Court for review, there is no conceivable way he could amend his complaint so as to state a federal claim. *Cf. Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.' ") (quoting *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).