999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Curtis HOWARD, Plaintiff-Appellant,
v.
Frank ROESCH; David Bigeleisen; California State Bar;
Lucy Kelly McCabe, Judge; S.F. Superior Court;
Jerry Hauser; Susan C. Seiler,
Defendants-Appellees.
 No. 93-15281.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Curtis Howard appeals pro se the district court's order dismissing his action. In its order, the district court abstained from exercising jurisdiction over Howard's federal law claims and declined to exercise pendent jurisdiction over Howard's state law claims. The district court alternatively held that Howard failed to state a claim for relief under 42 U.S.C. § 1983. Howard also appeals the district court's denial of his motion for leave to amend his complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision to abstain under Younger v. Harris, 401 U.S. 37 (1971). See World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081-82 (9th Cir.1987). We review de novo the district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Student Co-op Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). We review for abuse of discretion the district court's denial of a motion for leave to amend after a responsive pleading has been filed. Thomas-Lazear v. FBI, 851 F.2d 1202, 1206 (9th Cir.1988). We affirm.
 
 
 3
 * Background
 
 
 4
 Howard filed a complaint pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. Howard alleges the defendants violated and conspired to violate his substantive and procedural due process rights and violated his right to equal protection. Howard's complaint also alleges several state tort claims, including negligence, emotional distress, and defamation.
 
 
 5
 The district court abstained from exercising jurisdiction over Howard's federal law claims, declined to exercise pendent jurisdiction over Howard's state law claims, and dismissed Howard's action without prejudice. The district court alternatively held that Howard failed to state a claim for relief under section 1983. The district court also denied Howard's motion for leave to amend the complaint on the ground that amendment would be futile. Howard timely appeals.
 
 II
 Analysis
 A. Abstention
 
 6
 Howard contends the district court erred by abstaining from exercising jurisdiction because the state court proceedings do not bar the district court from exercising jurisdiction. This contention lacks merit.
 
 
 7
 "Abstention from the exercise of federal jurisdiction is the exception, not the rule." Colorado River Water Conversation Dist. v. United States, 424 U.S. 800, 813 (1976). Courts properly abstain from exercising jurisdiction under the doctrine enunciated in Younger v. Harris based on "interests of comity and federalism ... whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." Lebbos v. Judges of Super. Ct., Santa Clara County, 883 F.2d 810, 813 (9th Cir.1989) (quotations omitted). See also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987). Three requirements must be satisfied before a federal court properly may abstain under Younger: "(1) ongoing state judicial proceedings; (2) implication of an important state interest in the proceedings; and (3) an adequate opportunity to raise federal questions in the proceedings." World Famous Drinking Emporium, 820 F.2d at 1082.
 
 
 8
 Here, the district court properly found that the three requirements of abstention under Younger have been met with respect to Howard's claims against Roesch, the state court-appointed receiver of Howard's bail bond business. First, there are ongoing state court proceedings that involve the same allegations. In this action, Howard alleges that Roesch mismanaged and looted Howard's bail bond business. Howard has previously filed two state court actions involving the same challenges to Roesch's management of Howard's business. See Howard v. Roesch, S.F.Super.Ct. No. 892-637, and Howard v. Sanger-Harvey, S.F.Super.Ct. No. 901-433. Second, important state interests are implicated. California has an interest in regulating receivership estates and the activity of its appointed receivers. Third, Howard has an adequate opportunity to present his claims in the state court proceedings. He has failed to show "that state procedural law barred presentation of [his] claims." See Pennzoil, 481 U.S. at 14 (quotations omitted). Thus, the district court properly dismissed Howard's action without prejudice pursuant to the Younger doctrine with respect to Howard's claims against Roesch. See World Famous Drinking Emporium, 820 F.2d at 1082.
 
 B. Dismissal
 
 9
 Howard's complaint alleges Judge McCabe and the San Francisco Superior Court violated Howard's constitutional rights by failing to enforce state court orders. The district court lacks subject matter jurisdiction over challenges to a state court's decision that require a review of the final state court decision. See District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Worldwide Church of God v. McNair, 805 F.2d 888, 890-91 (9th Cir.1986). Only the United States Supreme Court may review state court decisions. 28 U.S.C. § 1257; Feldman, 460 U.S. at 476. Thus, the district court properly dismissed the claim against Judge McCabe and the Superior Court.
 
 
 10
 Howard bases his claim against the State Bar of California and Susan Seiler on the Bar's alleged refusal to investigate and resolve Howard's complaints about alleged misconduct of attorneys Roesch and Bigeleisen. Howard failed to process this claim through the state court appellate procedures. Thus, the district court properly dismissed this claim. See Margulis v. State Bar of California, 845 F.2d 215, 216-17 (9th Cir.1988) (per curiam) (appellant's failure to petition the state for review deprived California Supreme Court opportunity to review; therefore, appellant failed to allege a cognizable deprivation of a federal right).
 
 
 11
 The district court also properly dismissed Howard's claims against Bigeleisen and Hauser for failure to allege that Bigeleisen and Hauser they were state actors for purposes of section 1983 and for failure to allege deprivation of a federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).[1]
 
 C. Pendent Jurisdiction
 
 12
 The district court dismissed Howard's remaining claims, arising under state law, and refused to exercise its pendent jurisdiction over those claims. Once a district court dismisses the federal claims in an action, it is within the court's discretion to dismiss the pendent state claims as well. See Carnegie-Mellon University v. Cohill, 484 U.S. 343, 351 (1988); Cook, Perkiss & Liehe v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990). Thus, the district court did not abuse its discretion by dismissing the state law claims. See Cook, Perkiss & Liehe, 911 F.2d at 247.
 
 D. Leave to Amend
 
 13
 Howard contends the district court erred by denying his motion for leave to file an amended complaint. This contention lacks merit.
 
 
 14
 Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). Pro se litigants should be given notice and opportunity to amend unless it is clear that no amendment could cure the deficiencies of the complaint. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Futile amendments should not be permitted. Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 
 15
 Here, the district court denied Howard's motion for leave to amend, which was filed after defendants had filed responsive pleadings. The district court noted that Howard's action was "in practical effect an appeal ... from three pending state court suits involving essentially the same allegations" and stated that it would abstain from exercising jurisdiction if Howard filed an amended complaint while his state court actions were proceeding. Thus, any amendment would be futile. See Foman, 371 U.S. at 182. Accordingly, the district court did not abuse its discretion by denying Howard's motion for leave to amend. See Thomas-Lazear, 851 F.2d at 1206.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the district court's dismissal of Howard's action based on the grounds discussed above, it is unnecessary to address the district court's alternative grounds for dismissal