24 F.3d 247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jacques MELEK, Plaintiff-Appellant,
v.
STATE BAR OF CALIFORNIA; Committee of Bar Examiners;
Andrea Wachter; Jennifer Gee; Herb Rosenthal; Thomas
Eres, Patricia Nichols; Gloria Zank; William Lanam;
Melvin Cohn; Steve Kroff; Rhea Cohen, aka Rhea Monsky
Smith; James V. Quillinan; Patricia Nichols, Defendants-Appellees.
 No. 92-56211.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Decided April 18, 1994.
 
 1
 Before: BROWNING, PREGERSON and BRUNETTI, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 The defendants have not deprived plaintiff of a federally protected right to practice law in California. The Supreme Court of California has the sole authority to decide whether to admit an applicant to practice law in that state. The Committee of Bar Examiners is merely empowered to make a recommendation to the Supreme Court:
 
 
 4
 [t]he Committee's decision not to certify a candidate is itself simply of no legal significance. Petitioning the supreme court for review, therefore, "is not a matter of exhausting state remedies in respect to an alleged federal right but of there being no basis for any alleged federal right to exist as to the Committee's actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation." Due to [plaintiff's] failure to petition for review, the state has never officially acted on his application and, therefore, has never deprived him of federally protected rights.
 
 
 5
 Margulis v. State Bar of California, 845 F.2d 215, 216 (9th Cir.1988) (quoting Chaney v. State Bar, 386 F.2d 962, 966 (9th Cir.1967); see also Giannini v. Committee of Bar Examiners, 847 F.2d 1434, 1435 (9th Cir.1988) ("Until such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place."). Since the California Supreme Court has not denied plaintiff's application to practice law, plaintiff has not suffered an injury or deprivation of liberty.
 
 
 6
 Nor have defendants deprived plaintiff of a federally protected interest in his reputation. Reputation alone is not a liberty or property interest protected by the due process clause. Paul v. Davis, 424 U.S. 693, 711-12 (1976). To recover under Sec. 1983 for harm to reputation, plaintiff must prove loss of a cognizable property or liberty interest in conjunction with the loss of reputation. Hyland v. Wonder, 972 F.2d 1129, 1142 (9th Cir.1992) ("[T]he protections of the Due Process Clause do not attach to false or damaging accusations alone. The Supreme Court has held that the criticism must be accompanied by the loss or alteration of a right or status recognized by state law before the Due Process Clause is implicated."); Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir.1991) ("This has become known as the 'stigma-plus' test."). Plaintiff's failure to state a claim for loss of a property or liberty interest--such as, certification to practice law--is fatal to his claim for loss of reputation. An action for damages to reputation "lies ... in the tort of defamation, and not in section 1983." Fleming v. Dep't of Public Safety, 837 F.2d 401, 409 (9th Cir.1988).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The defendants' request for attorney fees and double costs is denied