**Felix K. WU, Esq., In Propria Persona, Plaintiff,**

v.

**STATE BAR OF CALIFORNIA, et al., Defendants.**

**No. CV 96–6302 MRP.**

United States District Court, C.D. California.

Jan. 13, 1997.

---

Felix Wu, Law Offices of Felix Wu, Pasadena, CA, in pro. per.

Diane C. Yu, Lawrence C. Yee, Major Williams, Jr., Office of the General Counsel, State Bar of California, San Francisco, CA, for Defendants.

## OPINION

### Background

PFAELZER, District Judge.

Felix Wu, Esquire ("Wu"), brings this section 1983 action against the State Bar of California (the "Bar") and its employees Victoria Molloy ("Molloy") and Terrie Goldade ("Goldade"). Wu alleges race discrimination and due process violations in the Bar's investigation and prosecution of several cases against him. Between 1994 and 1995, Wu was the subject of two Bar disciplinary investigations relating to his refusal to endorse settlement checks to his former clients until Wu was satisfied that his fees would be paid. In 1995, Wu settled both of these matters by entering into a stipulation with the Bar (the "Stipulated Settlement"). In the Stipulated Settlement, Wu agreed to accept a private reproval, to attend the State Bar Ethics School and to take the California Professional Responsibility Examination. Defendants Molloy and Goldade work for the Bar as trial counsel and both were involved in the investigation and prosecution of these matters.

In August 1996, the Bar filed new disciplinary charges against Wu alleging that he failed to disclose a potential conflict of interest to clients in violation of his professional duty. In addition, Wu is charged with violating state law by seeking to buy a claim from a client and appearing in court on behalf of clients without their permission (collectively the "Current Disciplinary Proceeding"). These charges all relate to Wu's handling of a matter for a group of clients. Wu alleges that Molloy and Goldade are involved in the prosecution of the Current Disciplinary Proceeding.

Wu alleges that the defendants have discriminated against him because he is of Chinese descent. Verified Complaint ("Complaint") ¶¶ 11, 21–24. Wu states that the 1995 Stipulated Settlement was the product of a conspiracy between defendants Molloy and Goldade and the attorney Wu retained to represent him in disciplinary matters. *Id.* at ¶¶ 12–13. Wu claims that no non-Chinese attorney would have been subjected to a private reproval and required to attend the State Bar Ethics School for "mere delay in signing ex-clients' settlement drafts because they were not going to pay him." *Id.* at ¶ 11. When Wu refused to sign the settlement drafts, the new counsel for Wu's ex-clients, David Lee Watson ("Watson"), filed a complaint with the Bar initiating the investigation that resulted in the Stipulated Settlement. *Id.* at ¶ 7. In response, Wu filed a

complaint with the Bar against Watson, and Wu alleges that the Bar's failure to resolve this complaint in a manner satisfactory to him shows the Bar's animus towards lawyers of Chinese descent. *Id.* at ¶¶ 7, 9.

Wu alleges that the Current Disciplinary Proceeding is motivated by racial hostility. At length, Wu argues that his conduct did not violate any professional rule or state statute. *Id.* at ¶¶ 14–18. Wu alleges that the Bar assigned Goldade to investigate and prosecute the current matter despite Wu's protests that Goldade engages in racial discrimination. *Id.* at ¶ 20. The Current Disciplinary Proceeding was initiated when another attorney, Bruce Wagner ("Wagner"), filed a complaint against Wu with the Bar. *Id.* at ¶ 17. Wu countered by filing a complaint with the Bar alleging misconduct by Wagner and his law partner Luis G. del Villar ("del Villar"). Wu alleges that the Bar assigned his complaint to a Hispanic investigator who "let both del Villar and Watson go without investigation." *Id.* at ¶ 19. Plaintiff alleges that the disposition of his complaint against Watson and del Villar demonstrates racial bias. *Id.*

Wu asks this Court to award him in excess of $2,000,000. *Id.* at ¶ 25. Wu also seeks an injunction prohibiting the Bar from prosecuting the Current Disciplinary Proceeding. *Id.* Wu also makes the unusual request that the Court issue an injunction directing the Bar to prosecute del Villar and Wagner. *Id.* Wu amended his Complaint to seek to vacate the Stipulated Settlement. Amendment to Verified Complaint ("Amendment") ¶ 25.3.3. In the Amendment, Wu also asks this Court to order the Bar to provide an objective method of case assignment and for disqualifying the Bar's trial counsel and its judges. *Id.* at ¶ 25.3.4. Finally, Wu wants this Court to require the Bar to provide a trial by jury in disciplinary actions. *Id.*

The defendants move to dismiss arguing that the Eleventh Amendment and common-law principles of quasi-judicial immunity prohibit this Court from entertaining Wu's claim for monetary relief.[1] The defendants argue that since the Stipulated Settlement is a judi-

cial act of the California Supreme Court, this Court lacks jurisdiction to hear Wu's collateral attack against the Stipulated Settlement. Finally, the defendants contend that this Court must abstain from considering Wu's procedural and substantive challenges to the Current Disciplinary Proceeding pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

### Analysis

#### I. *Claims for Monetary Relief*

In the prayer for relief contained in the Complaint, Wu seeks $200,000 in compensatory damages and $2,000,000 in punitive damages against the defendants for inflicting cruel and unusual punishment on him without due process of law and in violation of the equal protection clause. Complaint ¶ 25. Defendants argue that Ninth Circuit and Supreme Court authority bar this Court from granting the requested relief pursuant to the Eleventh Amendment and principles of quasi-judicial immunity. Defs.' Mot. to Dismiss at 11–15.

The Eleventh Amendment provides the State Bar of California with immunity from suits in federal court for monetary relief. *Hirsh v. Justices of the Supreme Court of California,* 67 F.3d 708, 715 (9th Cir.1995) (per curiam). In *Hirsh,* attorneys facing pending Bar disciplinary action filed suit in federal district court under section 1983 alleging deprivations of various constitutional rights. *Id.* at 711. Among the named defendants were the Bar and the Bar prosecutors involved in the case. *Id.* at 712. The plaintiffs sought an injunction against the pending proceeding, a declaratory judgment that the disciplinary system utilized by the State Bar is unconstitutional, and monetary damages for the alleged deprivations of constitutional rights. *Id.* The Ninth Circuit affirmed the district court's dismissal of the claims for monetary relief against all defendants. *Id.* at 715.

"All of the defendants are immune from liability for monetary damages. The Eleventh Amendment's grant of sovereign immu-

---

1. Although the defendants are not precise, the Eleventh Amendment defense is jurisdictional, while quasi-judicial immunity is an absolute defense to monetary liability.

nity bars monetary relief from state agencies such as California's Bar Association and Bar Court." *Id.; accord Lupert v. California State Bar,* 761 F.2d 1325, 1327 (9th Cir.) (finding Eleventh Amendment bar to suits seeking monetary relief against California State Bar Association), *cert. denied,* 474 U.S. 916, 106 S.Ct. 241, 88 L.Ed.2d 251 (1985); *Ginter v. State Bar of Nevada,* 625 F.2d 829, 830 (9th Cir.1980) (per curiam) (finding Nevada Bar Association immune from suit seeking money damages). Wu argues that the Bar waived its state agency status "by consistently proclaiming to the public earlier this year that it was not a state agency, but an independent organization of attorneys who governed themselves." Pl.'s Opp. to Mot. to Dismiss ("Opposition") at 7. Wu requests that this Court take judicial notice of a published news article in support of his waiver contention. Pl.'s Request for Judicial Notice at Exhibit 3. Wu argues that at this stage of the litigation, this Court must accept as true his contention that the Bar waived its status as a state agency. Opposition at 7. Wu's argument lacks merit.[2]

Whether or not the Bar is a state agency for purposes of Eleventh Amendment immunity must be a question of law. *See generally Pena v. Gardner,* 976 F.2d 469, 472 (9th Cir.1992) (stating that Eleventh Amendment defense is jurisdictional question). This Court need not assume the truth of legal conclusions in a complaint even when the conclusions are cast in the form of factual allegations. *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). In view of the clear authority on point, the Eleventh Amendment operates to deny this Court jurisdiction to adjudicate Wu's claims for monetary relief against the Bar.

The Bar argues that defendants Molloy and Goldade are immune from suits for monetary relief under both the Eleventh Amendment and principles of quasi-judicial immunity. California State Bar prosecutors enjoy quasi-judicial immunity from the imposition of monetary damages so long as they perform functions similar to those performed by criminal prosecutors. *Hirsh,* 67 F.3d at 715; *accord Clark v. State of Washington,* 366 F.2d 678, 681 (9th Cir.1966) (finding bar association prosecuting attorney immune from imposition of money damages). Wu argues that quasi-judicial immunity does not apply to Molloy and Goldade. Opposition at 9. In support, Wu cites *Demery v. Kupperman,* 735 F.2d 1139, 1146 (9th Cir.1984) (Reinhardt, J.), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985). In *Demery,* the court held that the Eleventh Amendment does not afford immunity to state officials in suits brought under section 1983 where the complaint seeks to impose individual and personal liability on state officials. *Id.* Wu's argument is not persuasive.

*Demery* addresses only Eleventh Amendment immunity not the common-law immunity afforded judges and prosecutors. *See Imbler v. Pachtman,* 424 U.S. 409, 420–30, 96 S.Ct. 984, 990–95, 47 L.Ed.2d 128 (1975) (holding that prosecutors enjoy absolute immunity from money damages based on common-law immunity of prosecutor as essential court officer). The Eleventh Amendment was not relevant to the immunity available to the defendant prosecutor in *Imbler.*[3] The Bar's trial counsel enjoy a common-law absolute immunity from money damages so long as they perform functions similar to those performed by a criminal prosecutor. *Hirsh,* 67 F.3d at 715. Wu complains of the following conduct by Molloy and Goldade: wrongfully insisting that Wu attend the State Bar Ethics School as part of the Stipulated Settlement;[4] improperly dividing the Cur-

2. Wu's allegations are insufficient to show an unequivocal expression of consent to suit as required by *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984).

3. The common-law immunity of prosecutors from monetary liability is derivative of the immunity historically available to judges for acts or

omissions during the performance of judicial functions.

4. Complaint ¶ 13. Wu generally asserts that the punishment in the Stipulated Settlement was unwarranted and that the defendants sought the punishment because he is of Chinese descent. *Id.* at ¶ 21.

rent Disciplinary Proceeding into three separate counts instead of a single count;[5] and failing to prosecute Wagner, del Villar, and Watson.[6] Wu contends that these actions are the product of racial discrimination.

It seems clear from the Complaint that what Wu is challenging are the decisions of Molloy and Goldade to prosecute his cases, to settle his first case, and not to prosecute other attorneys. Molloy and Goldade should enjoy absolute immunity from monetary liability for their performance of these essential prosecutorial functions. *See Imbler*, 424 U.S. at 431, 96 S.Ct. at 995 (holding that initiation of prosecution is essential function for which common law provides immunity from civil damages); *Freeman v. Hittle*, 708 F.2d 442, 443 (9th Cir.1983) (per curiam) (finding that prosecutor acting within scope of his duties in initiating and pursuing criminal prosecution is absolutely immune from civil money damages in section 1983 action alleging constitutional deprivations).

██ Defendants Molloy and Goldade also argue that the Eleventh Amendment bars this Court from imposing a monetary judgment against them for performance of their duties as the Bar's trial counsel. The immunity provided by the Eleventh Amendment extends to individual defendants acting in their official capacities. *Hirsh*, 67 F.3d at 715; *Pena*, 976 F.2d at 472. However, the Eleventh Amendment does not bar a suit for monetary damages against a state officer if the state officer is sued in his or her individual and personal capacity. *Hafer v. Melo*, 502 U.S. 21, 30–31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301 (1991); *Demery*, 735 F.2d at 1146. It is not clear from the Complaint whether Wu sues Molloy and Goldade in their individual or their official capacities. If this Court dismissed the Complaint against Molloy and Goldade on the basis of the Eleventh Amendment, Wu would be entitled to amend his Complaint to state a claim against Molloy and Goldade in their individual capacities. However, the claims seeking monetary

relief from Molloy and Goldade would be subject to dismissal notwithstanding amendment because both enjoy absolute immunity against the imposition of money damages in suits alleging misconduct in the performance of essential prosecutorial functions.

## II. *Vacating the Stipulated Settlement*

In this section 1983 action, Wu requests that this Court direct the Bar "to vacate the private reproval against Plaintiff." Amendment ¶ 25.3.3. The defendants move to dismiss arguing that this Court lacks jurisdiction to review the Stipulated Settlement. Defs.' Mot. to Dismiss at 10. The defendants contend that Wu's failure to appeal the Stipulated Settlement to the California Supreme Court constitutes a waiver of his constitutional challenges to the agreement. Additionally, the defendants contend that federal judicial review of the Stipulated Settlement is possible only if the United States Supreme Court issues a writ of certiorari to the California Supreme Court. In Opposition, Wu argues that since the Stipulated Settlement was procured through fraud,[7] a court of equity can vacate the agreement. Opposition at 5–7.

██ This Court must dismiss Wu's challenge to the Stipulated Settlement. "[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." *MacKay v. Nesbett*, 412 F.2d 846, 846 (9th Cir.) (per curiam), *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969). *MacKay* was cited with approval by the Supreme Court in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 484 n. 16, 103 S.Ct. 1303, 1316 n. 16, 75 L.Ed.2d 206 (1983). In *Feldman*, the Court gave renewed life to the previously dormant jurisdictional doctrine now referred to as the *Rooker–Feldman* Doctrine.[8,9]

---

5. *Id.* at ¶ 20.

6. *Id.* at ¶ 23.

7. Apparently, the fraud Wu speaks of is the alleged conspiracy between his lawyer, Molloy and Goldade. *See* Complaint ¶ 12–13.

8. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

9. As used herein, the *Rooker–Feldman* Doctrine refers to the theory that the grant of statutory

In *Feldman,* the Court held that a federal district court lacked jurisdiction to entertain a constitutional challenge to the decision of the D.C. Court of Appeals to deny a particular applicant admission to the D.C. Bar. *Id.* at 482, 103 S.Ct. at 1314. The D.C. Court of Appeals performed functions similar to those performed by the California Supreme Court in admitting bar applicants and disciplining members. The *Rooker–Feldman* Doctrine has been applied to prevent a district court from hearing constitutional challenges to the fairness of a disciplinary hearing where the plaintiff's constitutional claims were rejected by the California Supreme Court in affirming the disciplinary recommendation of the Bar. *Rosenthal v. Justices of the Supreme Court of California,* 910 F.2d 561, 567 (9th Cir. 1990) (citing *Feldman*), *cert. denied,* 498 U.S. 1087, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991).

The wrinkle in this case is that since Wu never challenged or appealed the Stipulated Settlement, the California Supreme Court never heard or ruled on his constitutional challenges to the Stipulated Settlement. In *Feldman, Rosenthal* and *MacKay,* the highest court of the state had been presented with the constitutional objections raised in the subsequent complaint in district court.

■ In *Feldman,* the Court recognized that if a plaintiff failed to raise his constitutional challenges before the highest court of the state, the Supreme Court would usually be without jurisdiction to hear those same claims.[10] 460 U.S. at 482 n. 16, 103 S.Ct. at 1315 n. 16. The Court cautioned that "a petitioner's failure to raise his constitutional

claims in state court does not mean that a United States district court should have jurisdiction over the claims." *Id.* at 482–83 n. 16, 103 S.Ct. at 1315–16 n. 16 (disapproving Fifth Circuit precedent to the contrary). "By failing to raise his claims in state court a plaintiff may forfeit his right to obtain review of the state-court decision in any federal court." *Id.* at 484 n. 16, 103 S.Ct. at 1316 n. 16. This language strongly counsels against this Court assuming jurisdiction over Wu's collateral attack against the Stipulated Settlement.[11]

### III. *Challenges to the Current Disciplinary Proceeding*

Wu asks this Court to enjoin the Current Disciplinary Proceeding which commenced when the Bar filed a Notice of Disciplinary Charges against Wu on August 20, 1996. *See* Complaint ¶ 25.3.1; Defs.' Req. for Judicial Notice at Exhibit B. Wu also wants this Court to require the Bar to adopt a method for disqualifying its trial counsel and judges. Amendment ¶ 25.3.4. Also, Wu asks this Court to direct the Bar to afford him a trial by jury on the current charges. *Id.* The defendants argue that these claims are not ripe and that this Court should abstain pending presentation of Wu's claims to the California Supreme Court.

■ The Current Disciplinary Proceeding has not yet gone to trial. After trial, Wu may petition the California Supreme Court for review of any discipline imposed by the Bar. Cal.R.Ct. 952. The defendants appear to be correct in contending that it is premature for this Court to entertain challenges to

---

jurisdiction to the Supreme Court to review state court judgments furnishes an independent basis for prohibiting collateral attack on those judgments in district court. *See* Paul M. Bator, et al., Hart & Wechsler's The Federal Courts and the Federal System 1632 (3rd ed. 1988).

10. Generally, a petitioner must present his federal constitutional claims to the highest court of a state in which a decision could be had before the Supreme Court exercises its appellate jurisdiction. 28 U.S.C. § 1257.

11. The analysis is muddied by Ninth Circuit precedent holding that dismissal for failure to state a

claim, rather than dismissal on jurisdictional grounds under *Feldman,* is proper where a plaintiff never petitioned the California Supreme Court for review of the Committee of Bar Examiners' decision to deny the plaintiff admission to the bar. *Margulis v. State Bar of California,* 845 F.2d 215, 216 n. 2 (9th Cir.1988). If a plaintiff never petitions the state supreme court for review, it is hard to justify characterizing the subsequent action in district court as one seeking review of a decision of the state supreme court. Rather, plaintiff's failure to petition for review in the state supreme court means that his complaint alleges no cognizable deprivation of federal rights. *Id.* at 217. *Margulis* and *Feldman* achieve the same ends by different means.

the procedures used to adjudicate the Current Disciplinary Proceeding.

■ Defendants also argue that *Younger* abstention is required because the Bar's disciplinary proceedings constitute ongoing state proceedings. Stripped of the challenges to the Stipulated Settlement, this case is identical to, and controlled by, *Hirsh*, 67 F.3d at 711 (finding abstention proper where attorneys facing pending disciplinary action filed section 1983 action alleging that Bar's disciplinary procedures are constitutionally inadequate).

■ *Younger* requires federal courts to abstain from granting injunctive relief that would interfere with pending state judicial proceedings. *Id.* at 712. Abstention is required, absent extraordinary circumstances, if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate the federal claim. *Id.*

The Bar filed a Notice of Disciplinary Charges on August 20, 1996. Wu commenced this action on September 10, 1996. There is no question that the state proceedings were ongoing when Wu filed this action. California's system for disciplining attorneys is judicial in character. *Id.* California's attorney disciplinary proceedings implicate important state interests. *Id.*

The Bar Court cannot consider federal constitutional claims. *Id.* at 713 (citing Cal. Const. art III, § 3.5). However, federal constitutional claims may be raised in a petition to the California Supreme Court for judicial review of the Bar Court's decision. This opportunity is sufficient to satisfy the third element of *Younger* even though review of Bar Court decisions in the California Supreme Court is discretionary. *Id.*

Wu does not present any extraordinary circumstances that would make *Younger* abstention inappropriate. Wu's allegations of bias are insufficient to overcome the presumption of honesty and integrity in those

serving as adjudicators. *Id.* (citations omitted). Wu offers no evidence at all to support his allegations of bias. *See id.* at 714 ("[A]ppellants offer no evidence that justices or judges receive improper payments to influence attorney disciplinary proceedings.").

In opposing abstention, Wu argues that the Anti–Injunction Act [12] does not require a district court to abstain from hearing a section 1983 claim. Opposition at 10 (citing *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972)). Of course, the fact that the Anti–Injunction Act does not bar this Court from hearing Wu's action is irrelevant when deciding whether or not abstention is proper under *Younger*.[13]

For the foregoing reasons it is ORDERED that this action be dismissed.

---

**12.** 28 U.S.C. § 2283.

**13.** In all probability, the narrow effect given to the Anti–Injunction Act by the Court in *Mitchum* was palatable and practicable only because of its

ruling the year before in *Younger* establishing abstention as a proper legal basis for district courts to dismiss cases seeking to enjoin concurrent state proceedings.